## SPRAGUE v STATE ex STAPLES

Ohio Appeals, 4th Dist, Scioto Co
No 243. Decided Jan 3, 1930

Miller & Searl, Portsmouth, for Sprague.
Albion Z. Blair, Portsmouth, for State ex.

MIDDLETON, PJ.

The Municipal Court of the City of Portsmouth was created by a special act of the legislature. **108 O. L., Pt. 1, page 462. (Sections 1579-459, et seq., GC.)** By Section 3 of said act it was provided:

(Here follows quotation)

By Section 5 of said act it was further provided that said court

(Here follows quotation)

At the time of the enactment of this law the jurisdiction of mayors of cities in the class in which the City of Portsmouth then was appears in **Section 4528 GC.**, in which it was provided that the mayor

(Here follow quotation)

It was further provided in **Section 4532 GC.**

(Here follows quotation)

It will be seen from the foregoing provisions of the code that at that time the power of a mayor to finally hear and determine the guilt of a defendant charged with the commission of a misdemeanor was to some extent at least a discretionary power. If the defendant was not entitled to a trial by jury it was mandatory upon the mayor to proceed with the final determination of the case. On the other hand, if the defendant had the right of a trial by jury the mayor was authorized to proceed to impanel a jury as was provided in the Court of Common Pleas. The duty to impanel a jury, however, does not appear from the language of the statute to be mandatory. From which, as an alternative, it is clear that he had the right to bind the accused over to the grand jury.

The municipal court, however, was further given the jurisdiction then conferred by law upon police courts of this state. The jurisdiction of police courts in criminal cases as then defined by the code is found in **Section 4577,** which provides that such courts

(Here follows quotation)

The general jurisdiction of a justice of the peace has always been that he can hear complaints and bind over to the grand jury those charged with any offense, felony or misdemeanor. A justice of the peace also has such special jurisdiction in particular cases as is set forth in **Section 13423-1 GC.** as it read prior to July last. The new Criminal Code that became effective in July last has perhaps somewhat affected the jurisdiction of mayors, but we know of nothing that indicates any change in the jurisdiction of the other courts mentioned. By **Chapter 12** of the new code provision is made for the exercise of the general jurisdiction of justices

of the peace in holding preliminary examinations. The special jurisdiction of such justices now set forth in **Section 13422-3 GC.** and the prosecution of all offenses before mayors and police judges is now governed by **Chapter 3** of the new code. While **Section 13422-3** confers special jurisdiction upon mayors and justices of the peace, who would not otherwise have anything but the power of preliminary examination, municipal courts by virtue of **Section 13422-6** have all the jurisdiction conferred upon them by the act creating such a court. The Municipal Court of Portsmouth consequently had the power of a justice of the peace to bind over in cases of felony and in misdemeanors has all the jurisdiction heretofore conferred upon police judges, which is the power to finally hear and determine all cases in misdemeanors.

It may be said that inasmuch as the municipal court has the jurisdiction of a justice, and as justices of the peace have the power to bind over to the grand jury all those charged with a misdemeanor, that the municipal court has also that jurisdiction. The jurisdiction to bind over, however, is inconsistent with the larger jurisdiction to try and determine any case of misdemeanor. That is the logic behind **State v Smith, 69 OS. 196.** In that case a justice of the peace had general jurisdiction to bind over one charged with a misdemeanor. In the particular case then under consideration the justice of the peace had special jurisdiction to try and determine the issues in that case. The Supreme Court, while it said nothing of his general jurisdiction, did in the face of the fact he possessed it compel him to exercise his larger jurisdiction. The writ of mandamus compelld him to exercise the latter. We think the analogy a fair one and that in the instant case the respondent can not avoid the performance of the larger duty incumbent upon him by his possession of the jurisdiction of a police judge by exercising the inferior jurisdiction of a justice of the peace. For this reason therefore, the writ should have been allowed.

It is contended, however, that by the provisions of **Sections 13433-10** and **13433-11** of the new code **Sections 4528, 4532** and **4577** are repealed by implication. There is no merit in this contention for the reason that if this were true the provisions of Chapter 3 and **Section 13424-1** in that chapter are without any meaning or effect as applied to magistrates. In other words, if the provisions of **Sections 13433-10** and **13433-11** are exclusive the magistrate would have no power to impanel a jury but would be compelled in cases of misdemeanor, if the defendant did not waive a jury, to recognize him to appear before another court. It is certainly apparent that the legislature did not intend such an interpretation as this of the provisions of the new Criminal Code.

It is further contended and set forth in the fifth defense of respondent's answer that he

"will and does require the complainant in said affidavit, whom he considers irresponsible, to procure a person to be liable for the costs if said complaint is dismissed."

It is apparent from this answer and the other facts pleaded that the time for requiring security for costs by the respondent has passed and that he is now without any legal authority to make such a demand. This matter is fully disposed of by this court in **State ex rel Staples v. Sprague, case No. 244. (see 8 Abs 222).**

The order and judgment of the Common Pleas Court is affirmed .

Mauck and Blosser, JJ., concur.