STATE ex STAPLES v SPRAGUE etc.

Ohio Appeals, 4th Dist, Scioto Co
No 244. Decided Jan 3, 1930

A. Z. Blair, Portsmouth, for State ex.
Miller & Searl, Portsmouth, for Sprague.

**BLOSSER, J.**

Did the Municipal Judge have authority to require security for the additional costs?

**Section 13431-20** of the new Criminal Code provides:

"When the offense charged is a misdemeanor, the magistrate **or court** before issuing the warrant, may require the complainant, or if he consider the complainant irresponsible may require that he procure a person, to be liable for the costs if the complainant be dismissed, and the complainant or other person shall acknowledge himself so liable, and such court or magistrate shall enter such acknowledgment on his docket ***."

The analogous section before the adoption of the new Criminal Code was **Section 13499** which provided that

"When the offense charged is a misdemeanor the magistrate before issuing the warrant may require the complainant", etc.

It will be seen that the new section made no change with reference to procuring security for costs and that both sections stipulate that the court or magistrate require the security to be given before issuing the warrant. The language used is not mandatory with reference to requiring the costs secured as the word "may" is used. But the time for requiring such security is express as the statute says that it shall be **before issuing the warrant.** The giving of security for costs is a matter regulated by statute and we must look to the provisions of the Code for a determination of this question. No where in the criminal code is there sanction for additional security for costs.

The Code of Civil Procedure provides otherwise in civil cases. **Section 11614 GC.** provides that when the plaintiff is

"not a resident of the county in which the action is brought or is a partnership suing by its company name *** the plaintiff must furnish security for costs."

**Section 11615 GC.** provides that the plaintiff may make a cash deposit of money as security for costs and gives the court the right to require that the same be increased from time to time.

**Section 11618 GC.** provides:

"If the plaintiff becomes a non-resident of the county in which the suit is brought during its pendency he may be compelled *** to give such security."

**Section 11619 GC.** provides that the plaintiff may be required to give additional security.

**Section 11248 GC.** provides that the court may require security for costs when suit is brought by a next friend.

**Section 13425-21** of the new Criminal Code provides, that in criminal cases in the Probate Court the prosecuting attorney may require the prosecuting witness to give security for costs.

It will thus be seen that the matter of costs and the giving of security for the same is regulated entirely by statute.

"The matter of requiring security for costs is one almost entirely of statutory provision and regulation."
**15 C. J. 192.**
**And see same, 338.**

The same thought is expressed in the decisions of Ohio courts although not dealing with the precise question of security for costs.

"Costs are unknown to the common law. They are given only by statute, and may be changed, or entirely taken away, at the will of the legislature."
**Farrier v. Cairns, Ex'rx., 5 Ohio, 45, 48:**
**C,. M. & L. Traction Co. v. Felix, 50 C. C. (n. s.) 270, 15 O. C. D. 393.**

The respondent was without authority to require the relator to procure the additional security in the sum of fifty dollars as he had already given security for the amount fixed by the respondent and the warrant had been issued.

The respondent asserts that the relator is merely a private citizen and has no interest in the suit beyond that shared in common with other citizens. It is therefore contended that he is not a proper party to institute and maintain this proceeding. **Section 12287 GC.** provides that the writ of mandamus

"may issue on the information of the party beneficially interested".

Has Arthur Staples, the relator and the person who filed the affidavit in the Muni-

cipal Court, sufficient interest to maintain this action? The relator is liable for the costs in the event Paul E. Williams should be acquitted in the case pending in the Municipal Court. He also procured one H. Stewart Tillis to give bond in the sum of fifty dollars for costs. In the event said Williams should be acquitted or discharged by the Municipal Court without trial the relator might be subjected to a suit for malicious prosecution. It will thus be seen that he stands in a different relation to the suit than an ordinary private citizen having no interest beyond that shared in common with other citizens. In the event the Municipal Judge should continue to refuse to proceed with the trial of the case in his court it will cast upon the relator a burden or hardship not borne in common with him by the public at large.

For the reasons herein stated it is apparent that there is error in the record mentioned and that under the record as in the Common Pleas Court in the respects there made the relator was entitled to maintain the suit and to a writ of mandamus as prayed for in his petition.

The judgment of the Court of Common Pleas is reversed and the case remanded for further proceedings according to law.

Middleton, PJ., and Mauck, J., concur.